**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

KELLI L. SAGER (State Bar No. 120162)
 kellisager@dwt.com
MARY H. HAAS (State Bar No. 149770)
 maryhaas@dwt.com
NICOLAS A. JAMPOL (State Bar No. 244867)
 nicolasjampol@dwt.com
DAN LAIDMAN (State Bar No. 274482)
 danlaidman@dwt.com

Attorneys for Defendants
ASSOCIATED NEWSPAPERS LTD and DAVID
GARDNER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHROKH MIRESKANDARI,<br><br>     Plaintiff,<br><br>vs.<br><br>ASSOCIATED NEWSPAPER LTD; DAVID GARDNER; and DOES 1-10, INCLUSIVE,<br><br>     Defendants. | **Case No. CV12-02943 MMM (SSx)**<br><br>**DEFENDANTS ASSOCIATED NEWSPAPERS LTD'S AND DAVID GARDNER'S EX PARTE APPLICATION FOR AN ORDER REGARDING THE DEADLINE FOR THEIR MOTION TO RECOVER ATTORNEYS' FEES AND COSTS**<br><br>[Declaration Of Mary H. Haas With Exhibits A-E and [Proposed] Order concurrently submitted] |

EX PARTE APPLICATION
DWT 23591705v2 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EX PARTE APPLICATION

Pursuant to Central District of California Local Rule 7-19, defendants Associated Newspapers Ltd ("ANL") and David Gardner (collectively the "ANL Defendants") submit this Ex Parte Application (the "Application") for an Order that the filing deadline to submit any fee requests by the ANL Defendants shall be set by further order of the Court following its rulings on the pending motions.

Pursuant to Local Rule 7-19, counsel for the ANL Defendants gave notice of this application to counsel for Plaintiff. On February 20, 2014, the ANL Defendants' counsel sent an e-mail to Plaintiff's counsel informing them of the basis for this Application. See Haas Decl. ¶ 2, Ex. A. Counsel subsequently held a telephonic meet-and-confer session on February 21, 2014. Id. ¶ 3. Counsel engaged in follow-up correspondence between February 24 and February 26, but while the parties did reach agreement concerning the inapplicability of any deadlines under FRCP 54 and that any fee motions did not need to be filed by February 28, a dispute arose over whether the stipulation should be submitted to this court for approval, thus necessitating this Application. Id. ¶¶ 4-7, Exs. B-E.

The contact information for Plaintiff's counsel is:

1.  Robert C. Moest, Law Office of Robert C. Moest, 2530 Wilshire Blvd., Second Floor, Santa Monica, CA 90403, telephone (310) 915-6628, e-mail rmoest@aol.com.

2.  Roger Jon Diamond, Roger J. Diamond Law Offices, 2115 Main Street, Santa Monica, CA, 90405, telephone (310) 399-3259, e-mail rogdiamond@aol.com.

3.  Scott James Street, Miller Barondess LLP, 1999 Avenue of the Stars Suite 1000, Los Angeles, CA 90067, telephone (310) 552-4400, e-mail sstreet@millerbarondess.com.

4.  Alexander S. Frid, Miller Barondess LLP, 1999 Avenue of the Stars Suite 1000, Los Angeles, CA 90067, telephone (310) 552-4400, e-mail sfrid@millerbarondess.com.

EX PARTE APPLICATION
DWT 23591705v2 0049264-000012

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

5. Louis R. Miller, Miller Barondess LLP, 1999 Avenue of the Stars Suite 1000, Los Angeles, CA 90067, telephone (310) 552-4400, e-mail smiller@millerbarondess.com.

This Application is based on the accompanying Memorandum of Points and Authorities; on the Declaration of Mary H. Haas and Exhibits A-E; on all matters of which judicial notice may be taken; and on such argument as may be presented at the hearing on this Application, if any.

DATED: February 26, 2014

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
MARY H. HAAS
NICOLAS A. JAMPOL
DAN LAIDMAN

By: /s/ Mary H. Haas
   Mary H. Haas

Attorneys for Defendants
ASSOCIATED NEWSPAPERS LTD and
DAVID GARDNER

2
EX PARTE APPLICATION
DWT 23591705v2 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

Although Plaintiff has abandoned his lawsuit rather than oppose the ANL Defendants' pending motions, the Court retains jurisdiction to award the ANL Defendants their attorneys' fees and costs. However, Plaintiff's decision to dismiss the case before the motions are heard has created an aberrant procedural posture in which the parties face uncertain and potentially inconsistent deadlines. With this Ex Parte Application, the ANL Defendants seek to clarify the schedule and set the remaining deadlines in the manner most efficient for the Court and the parties. As the relief they seek is not available by noticed motion, and they are not responsible for creating this situation, they satisfy the requirements for ex parte relief.

First, the relief sought by the ANL Defendants is not available by regular noticed motion because of the potential for imminent conflicting deadlines. See Section II.A, infra. The ANL Defendants have a pending Special Motion to Strike pursuant to California Code of Civil Procedure § 425.16 ("SLAPP Motion"), set for hearing on March 10, 2014, and the Court retains jurisdiction to rule on the pending SLAPP Motion even after Plaintiff's voluntary dismissal to determine a prevailing party as a precursor to awarding fees. See Dkt. # 183.

However, it remains uncertain if the Court still intends to hear the SLAPP Motion or if it will be taken off calendar. It is further unclear if the entry of Plaintiff's dismissal on February 14, 2014 triggered the 14-day deadline to bring a motion for attorneys' fees pursuant to this Court's rules concerning judgments and final orders – in which case a fee motion would be due on February 28, 2014 – or if the deadline will run from the Court's ruling on the pending SLAPP Motion. See FRCP 54, L.R. 54-10. Given the uncertainty and the potentially imminent deadline, ex parte relief is required for the Court to clarify and if necessary extend the ANL Defendants' fee motion deadline and thereafter set a briefing schedule. See Section II.A.

1

EX PARTE APPLICATION
DWT 23591705v2 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<u>Second</u>, the ANL Defendants are without fault in creating this situation.  <u>See</u> Section II.B, <u>infra</u>.  This unusual procedural posture has arisen entirely because of Plaintiff's decision to voluntarily dismiss this action before the pending motions could be heard.  The ANL Defendants have acted diligently to evaluate and respond to Plaintiff's dismissal, and they worked to avoid bringing this <u>Ex Parte</u> Application by attempting to resolve the matter with Plaintiff's counsel.  While Plaintiff agreed to stipulate that: (1) the ANL defendants are not required to file their fees motions by February 28; (2) the deadlines under FRCP 54 are not applicable; and (3) any deadline should be established by further order of the Court, an agreement could not be reached over whether the stipulation should be submitted to the Court for approval.  Accordingly, the ANL Defendants have narrowly tailored their requested relief in a manner consistent with the agreement on the pending deadlines reached by counsel for both parties.

For all of these reasons, the ANL Defendants respectfully request that the Court grant their <u>Ex Parte</u> Application and issue an Order stating that the filing deadline to submit any fee requests by the ANL Defendants shall be set by further order of the Court following its rulings on the pending motions.

## II.     <u>EX PARTE RELIEF IS WARRANTED HERE.</u>

In <u>Mission Power Eng'g Co. v. Continental Casualty Co.</u>, 883 F. Supp. 488 (C.D. Cal. 1995) ("<u>Mission Power</u>") the court set forth a two-part test to determine whether a moving party is entitled to <u>ex parte</u> relief.  Under the <u>Mission Power</u> test, the moving party must show (1) that its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) that the moving party is "without fault in creating the crisis that requires <u>ex parte</u> relief, or that the crisis occurred as a result of excusable neglect."  <u>Id.</u> at 492.  The ANL Defendants' Application meets both elements of the <u>Mission Power</u> test.

2

EX PARTE APPLICATION
DWT 23591705v2 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**A.     The ANL Defendants Will Be Irreparably Prejudiced Absent Immediate Action By This Court To Address Their Fee Motion Deadline.**

Plaintiff's dismissal while the ANL Defendants' motions are pending has created an unusual procedural posture in which the ANL Defendants face irreparable prejudice from having to abide by uncertain and potentially inconsistent deadlines. The situation cannot be resolved without action by the Court on an ex parte basis to clarify and extend these deadlines.

Plaintiff filed this action nearly two years ago, on April 4, 2012. On June 25, 2012, the ANL Defendants filed a Special Motion to Strike Plaintiff's First Amended Complaint ("FAC") pursuant to C.C.P. § 425.16 ("SLAPP Motion I"). See Dkt. # 26. On October 8, 2013, the Court struck two of Plaintiff's claims with prejudice and granted the ANL Defendants' motion with prejudice as to portions of additional claims (Dkt. # 160 ("SLAPP Order") at 61 and n.119); it also granted the SLAPP Motion as to nine other claims but gave Plaintiff leave to file another amended complaint as to those claims. Id. at 61.[1] In connection with this ruling and in an effort to allow for more time to meet and confer over any fee request, the parties entered into a stipulation extending the date by which the ANL Defendants were required to file a fee motion. See Dkt. #161.

Plaintiff then filed a Second Amended Complaint ("2AC") that reasserted five of his state law claims and his sole federal claim, while also adding four new "UK Law" claims. See Dkt. # 167. Plaintiff abandoned five other state law claims that the Court had struck with leave to amend in the SLAPP Order. Id. On December 10, 2014, the ANL Defendants filed three motions: a second Special Motion to Strike under C.C.P. § 425.16 ("SLAPP Motion II" or the "pending SLAPP Motion"); a Motion to Dismiss the federal claim; and a Motion to Strike improper portions of the

---

[1] The ANL Defendants appealed the partial denial of SLAPP Motion I with respect to Plaintiff's claims for false light and declaratory relief. See Dkt. # 162. This appeal remains pending in the Ninth Circuit.

3

EX PARTE APPLICATION
DWT 23591705v2 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2AC and request for sanctions ("Motion to Strike and Request for Sanctions"). See Dkt. ## 169-171. The motions are set for hearing on March 10, 2014. On February 14, 2014, more than two months after the motions were filed, Plaintiff filed a Notice of Voluntary Dismissal stating that he was dismissing this action in its entirety without prejudice. See Dkt. # 180. He also filed two brief responses stating simply that he believes the pending motions have been rendered moot. See Dkt. ## 181-182.

On February 24, 2014, the ANL Defendants filed reply briefs in support of SLAPP Motion II and the Motion to Strike and Request for Sanctions, explaining that these motions are not moot because the Court retains jurisdiction to decide collateral issues such as sanctions and entitlement to attorneys' fees. See Dkt. ## 183-184. Therefore, the ANL Defendants have requested that the Court keep the Motion and Request for Sanctions on calendar in order to rule on the pending sanctions request, and that it keep SLAPP Motion II on calendar in order to determine a prevailing party for purposes of fee recovery. Id.

The Court has not yet indicated whether it intends to rule on the pending SLAPP Motion II and Motion and Request for Sanctions. In the meantime, the ANL Defendants face uncertain and potentially conflicting deadlines. Under Federal Rule of Civil Procedure 54(d)(2)(B)(i), a motion to recover attorneys' fees and costs "must be filed no later than 14 days after the entry of judgment." While it is clear that a voluntary dismissal is not a judgment, neither this rule, nor the related C.D. Cal. Local Rule 54-10 which also applies to "final orders," addresses the circumstance here, in which a voluntary dismissal has been entered, but the motion giving rise to an entitlement to attorneys' fees remains pending. In the event that the 14-day deadline were to begin running as of February 14, 2014 – the date the dismissal was entered – then the ANL Defendants' deadline to bring a fee motion would be February 28, 2014.

The ANL Defendants would be irreparably prejudiced if this were deemed to be the operative deadline. When a plaintiff dismisses his action before a SLAPP

4

EX PARTE APPLICATION
DWT 23591705v2 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Motion can be heard, courts must still rule on the merits of the pending motion "as a <u>predicate</u> to a determination of the defendant's motion for attorney's fees and costs under subdivision (c) of that section." <u>Liu v. Moore</u>, 69 Cal. App. 4th 745, 751; 81 Cal. Rptr. 2d 807 (1999) (emphasis added).  <u>See</u> also <u>eCash Techs., Inc. v. Guagliardo</u>, 210 F. Supp. 2d 1138, 1154 (C.D. Cal. 2000) (after dismissal, "[d]iscussion of the merits of the [SLAPP] Motion was a necessary <u>precursor</u> to discussion of attorneys' fees and costs under Section 425.16") (emphasis added).  <u>See</u> also Dkt. # 183 (ANL Defendants' Reply in Support of their Special Motion to Strike ("SLAPP Reply") at 3-5).  Here, the ANL Defendants would be unable to secure such a predicate ruling because their fee motion would be due <u>before</u> the SLAPP Motion could be heard.

The alternative would be for the ANL Defendants to address the substance of Plaintiff's Second Amended Complaint yet again in their fee motion.  However, as described in detail in the SLAPP Reply, this would be both inefficient and unjust.  <u>See</u> SLAPP Reply at 5-8.  It would require the Court and the parties to engage in another duplicative round of briefing on the pending SLAPP Motion, wasting the time and resources of everyone involved.  And it would also permit Plaintiff to evade the consequences of his decision not to oppose the pending SLAPP Motion.  Courts have made clear that where, as here, a Plaintiff voluntarily dismisses his lawsuit rather than oppose a pending SLAPP Motion, he still carries the burden of presenting evidence and arguments in support of his claims in order to avoid fee-shifting.  <u>See</u> <u>Pandora Jewelry, LLC v. Bello Paradiso, LLC</u>, 2009 U.S. Dist. LEXIS 56265, at *9-14 (E.D. Cal. July 1, 2009).  Plaintiff's "mistaken belief that [his dismissal] rendered this motion moot does not excuse the failure to provide such evidence." <u>Id.</u> at *14.

It is particularly unnecessary to force the ANL Defendants to incur the costs of addressing the merits yet again because it is plain from the existing record and pleadings that they are the prevailing parties on the pending SLAPP Motion.  <u>See</u> SLAPP Reply at 8-10.  Permitting Plaintiff to escape the consequences of his actions

5

EX PARTE APPLICATION
DWT 23591705v2 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and drive up the ANL Defendants' costs even further would run counter to the central purpose of the SLAPP statute of avoiding such improper litigation tactics that have a chilling effect on speech. Id. at 1, 10-11. To avoid this outcome, the ANL Defendants request that the Court grant this Ex Parte Application and clarify that any deadline for them to file a fee request shall be set by further order of the Court following its rulings on the pending motions.[2]

## B. The ANL Defendants Are Without Fault In Creating The Need For Ex Parte Relief.

The ANL Defendants did not create the circumstances that require this Ex Parte Application. Mission Power, 883 F. Supp. at 492. Rather, this situation is entirely the creation of Plaintiff's decision to dismiss his lawsuit before the pending motions have been heard. Upon receiving Plaintiff's Notice of Voluntary Dismissal and "Response" – on a Friday afternoon before a holiday weekend – the ANL Defendants acted as diligently as possible to evaluate the complicated procedural posture, meet and confer with Plaintiff's counsel, and prepare this Application.

On February 20, 2014, while contemporaneously preparing their Reply briefs on the substantive issues relating to the pending requests for sanctions and attorneys' fees, the ANL Defendants also reached out to Plaintiff's counsel to meet and confer about the upcoming deadlines. See Haas Decl. ¶ 2, Ex. A. Counsel participated in a meet-and-confer call on February 21, 2014. Id. ¶ 3. During the call, Plaintiff's counsel stated that they did not believe that their filing of the Notice of Voluntary Dismissal on February 14, 2014, triggered the 14-day deadline to bring a fee motion,

---

[2] Further complicating the situation is the fact that the ANL Defendants are entitled to recover their attorneys' fees and costs incurred in connection with both SLAPP Motion I and the currently pending SLAPP Motion II. See Manufactured Home Communities, Inc. v. County of San Diego, 655 F.3d 1171, 1181 (9th Cir. 2011) (affirming fee award after defendant's second SLAPP Motion for work done on both first and second SLAPP motions). It would be most efficient for the Court and the parties for the ANL Defendants to bring a single fee motion covering both SLAPP Motion I and SLAPP Motion II.

6
EX PARTE APPLICATION
DWT 23591705v2 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and thus they did not believe the motion would be due on February 28, 2014. Id. Counsel agreed to file a stipulation and proposed order with the Court to this effect in an attempt to clarify the remaining deadlines. Id.

Counsel for the ANL Defendants sent a draft stipulation and proposed order to Plaintiff's counsel on February 24, 2014, that set new deadlines for the ANL Defendants to bring a fee motion and potentially a renewed request for sanctions, depending on whether their Motion and Request for Sanction and SLAPP Motion II remained on calendar for hearing on March 10, 2014. Id. ¶ 4, Ex. B. Plaintiff's counsel responded that the stipulation and proposed order "could be confusing." Id. Plaintiff's counsel reiterated that they believed that FRCP 54's deadlines were not triggered and agreed that the ANL Defendants did not have to file a fee motion by February 28, 2014, but suggested that the parties wait to see what the Court decides to do with respect to the March 10 hearings. Id.

Based on this feedback, the ANL Defendants' counsel circulated a revised stipulation and proposed order on February 25, 2014, that simply stated that the parties agreed that any FRCP 54 deadlines were suspended and asked that the ANL Defendants' filing deadline to submit any fee requests be set by further order following the Court's rulings on the pending motions. Id. at ¶ 5, Ex. C. Plaintiff's counsel responded on February 26, 2014, that they would not agree to this stipulation because it was "too complicated." Id. at ¶ 6, Ex. D. Instead they proposed agreeing to a stipulation without a proposed order stating that the parties agreed that the deadlines set forth in FRCP 54 do not apply to any fee motions filed by the ANL Defendants, and that Plaintiff will not object to any fees motion on the grounds that the motion was not filed by February 28, 2014. Plaintiff was also willing to agree that any deadline for filing such fee motions should be established by further order of the court. Id. Counsel for the ANL Defendants responded that they would agree to the new proposal but also wanted to file a proposed order with the Court. Id. ¶ 7, Ex. E. Plaintiff's counsel would not agree to submit a proposed order. Id.

7

EX PARTE APPLICATION
DWT 23591705v2 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The ANL Defendants appreciate that Plaintiff's counsel have agreed that they do not need to file a fee motion by February 28, 2014, but the ANL Defendants believed it was required to present the stipulation to the Court for its approval as both the Federal Rules of Civil Procedure and the Local Rules set fee motion deadlines that are binding unless the Court orders otherwise. F.R.C.P. 54(d)(2)(B); L.R. 54-10.

Therefore, the ANL Defendants have determined that this <u>Ex Parte</u> Application remains necessary despite Plaintiff's agreement that their fee motion is not due on February 28, 2014. An order from the Court would benefit all parties by clarifying the pending deadlines and dispelling any confusion as to the procedural posture that has been created by Plaintiff's dismissal. Because the ANL Defendants are without fault in creating this situation, and they have acted diligently to address it, they have met the requirements for <u>ex parte</u> relief.

### III.  CONCLUSION

For all the reasons set forth above, the ANL Defendants respectfully request that the Court grant their <u>Ex Parte</u> Application and issue an Order stating that the filing deadline to submit any fee requests by the ANL Defendants shall be set by further order of the Court following its rulings on the pending motions.

DATED: February 26, 2014

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
MARY H. HAAS
NICOLAS A. JAMPOL
DAN LAIDMAN

By: /s/ Mary H. Haas
        Mary H. Haas

Attorneys for Defendants
ASSOCIATED NEWSPAPERS LTD and
DAVID GARDNER

8

EX PARTE APPLICATION
DWT 23591705v2 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899