**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
MARY H. HAAS (State Bar No. 149770)
  maryhaas@dwt.com
NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
DAN LAIDMAN (State Bar No. 274482)
  danlaidman@dwt.com

Attorneys for Defendants
ASSOCIATED NEWSPAPERS LTD and DAVID
GARDNER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHROKH MIRESKANDARI,<br><br>            Plaintiff,<br><br>    vs.<br><br>ASSOCIATED NEWSPAPER LTD;<br>DAVID GARDNER; and DOES 1-10,<br>INCLUSIVE,<br><br>            Defendants. | Case No. **CV12-02943 MMM (SSx)**<br><br>**REPLY IN SUPPORT OF MOTION TO RECOVER ATTORNEYS' FEES**<br><br>**[C.C.P. § 425.16(c)]**<br><br>Hearing Date:   November 10, 2014<br>Time:               10:00 a.m.<br>Department:     780<br><br>[Supplemental Declaration of Nicolas A. Jampol Filed Concurrently] |

# TABLE OF CONTENTS

Page

I.     SUMMARY OF ARGUMENT ...................................................................... 1

II.    THE ANL DEFENDANTS PREVAILED ON VIRTUALLY EVERY
       CLAIM ASSERTED AGAINST THEM. ....................................................... 3

III.   PLAINTIFF'S CLAIMS OVERLAPPED OR WERE INEXTRICABLY
       INTERTWINED. ........................................................................................... 4

IV.    THE ANL DEFENDANTS' OVERALL REQUEST IS
       REASONABLE. ........................................................................................... 11

V.     THE ANL DEFENDANTS' BILLING RECORDS ARE SUFFICIENT. ... 16

VI.    CONCLUSION ........................................................................................... 19

REPLY ISO MOTION TO RECOVER ATTORNEYS' FEES
DWT 25166442v1 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**Cases**

Akins v. Enterprise Rent-A-Car Co.,
    79 Cal. App. 4th 1127 (2000) ........................................................................... 15

Art of Living Found. v. Doe,
    2012 U.S. Dist. Lexis 61582 (N.D. Cal. May 1, 2012) ...................................... 4

Chabner v. United Omaha Life Ins. Co.,
    1999 U.S. Dist. Lexis 16552 (N.D. Cal. Oct. 12, 1999) .................................. 17

Charlebois v. Angels Baseball LP,
    993 F. Supp. 2d 1109 (C.D. Cal. 2012) ........................................................... 17

Gates v. Deukmejian,
    987 F.2d 1392 (9th Cir. 1992) ......................................................................... 18

Glover v. Johnson,
    138 F.3d 229 (6th Cir. 1998) ........................................................................... 18

Hensley v. Eckerhart,
    461 U.S. 424 (1983) ........................................................................... 11, 15, 16

International Longshoremen's & Warehousemen's Union v. Los
    Angeles Export Terminal, Inc.,
    69 Cal. App. 4th 287 (1999) ............................................................................ 13

Kearney v. Foley and Lardner,
    553 F. Supp. 2d 1178 (S.D. Cal. 2008).................................................. 8, 18, 19

Ketchum v. Moses,
    24 Cal. 4th 1122 (2001) ................................................................................... 11

Lin v. City of Pleasanton,
    176 Cal. App. 4th 408 (2009) .......................................................................... 10

Lytle v. Carl,
    382 F.3d 978 (9th Cir. 2004) ........................................................................... 17

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Mann v. Quality Old Time Service, Inc.,
139 Cal. App. 4th 328 (2006) ............................................................ 9, 10

Metabolife Int'l v. Wornick,
213 F. Supp. 2d 1220 (S.D. Cal. 2002) ................................................. 15

Moreno v. City of Sacramento,
534 F.3d 1106 (9th Cir. 2008) ............................................................ 13

Nat'l Fed. of the Blind v. Target Corp.,
2009 U.S. Dist. Lexis 67139 (N.D. Cal. Aug. 3, 2009) ....................... 17

New.net, Inc. v. Lavasoft,
356 F. Supp. 2d 1090, 1115 (C.D. Cal. 2004) ..................................... 10

NRDC v. Locke,
771 F. Supp. 2d 1203 (N.D. Cal. 2011) ............................................... 18

Peak-Las Positas Partners v. Bollag,
172 Cal. App. 4th 101 (2009) ............................................................. 13

Pistoresi v. Madera Irrigation District,
2009 U.S. Dist. Lexis 12710 (E.D. Cal. Feb. 6, 2009) ......................... 8

PLCM Group, Inc. v. Drexler,
22 Cal. 4th 1084 (2000) ..................................................................... 14

Rutti v. Lojack Corp.,
2012 U.S. Dist. Lexis 107677 (C.D. Cal. July 31, 2012) ............... 11, 16

Sanchez v. Bank of Am.,
2010 U.S. Dist. Lexis 81787 (N.D. Cal. July 22, 2010) ....................... 16

Scott v. Kelkris Assocs.,
2012 U.S. Dist. Lexis 44255 (E.D. Cal. Mar. 29, 2012) ....................... 10

Serrano v. Unruh,
32 Cal. 3d 621 (1982) ........................................................................ 13

Simmons v. Allstate Ins. Co.,
92 Cal. App. 4th 1068 (2001) ............................................................. 14

Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.,
122 Cal. App. 4th 1049 (2004) ............................................................. 3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<u>Verizon Delaware v. Covad Comm'ns,</u>
 377 F.3d 1081 (9th Cir. 2004) .......................................................................... 11

<u>Vess v. Ciba-Geigy Corp. USA,</u>
 317 F.3d 1097 (9th Cir. 2003) .......................................................................... 12

<u>Willis v. City of Fresno,</u>
 2014 U.S. Dist. Lexis 97564 (E.D. Cal. July 17, 2014) .................................... 16

<u>Winters v. Jordan,</u>
 2011 WL 1549391 (E.D. Cal. Apr. 21, 2011) ........................................... 18, 19

**Statutes**

California Code of Civil Procedure
 § 425.16................................................................................................. 11, 20

**Rules**

Federal Rule of Civil Procedure 54(d) .................................................................. 14

REPLY ISO MOTION TO RECOVER ATTORNEYS' FEES
DWT 25166442v1 0049264-000012

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## I.   SUMMARY OF ARGUMENT

Over the past <u>six years</u>, Plaintiff Shahrokh Mireskandari has filed <u>five</u> separate lawsuits against the ANL Defendants for the same alleged conduct, four of which he lost outright or voluntarily dismissed (one is pending in state court).  Two different courts have sanctioned him in cases against the ANL Defendants (including this Court), and Plaintiff <u>has not prevailed on a single claim</u> against the ANL Defendants in any jurisdiction.  During the lawsuit brought in this Court, Plaintiff's counsel[1] engaged in tactics that can only charitably be described as "scorched earth" litigation tactics, including serving <u>seven</u> ex parte applications; ill-founded and redundant attempts to obtain discovery during the pendency of the ANL Defendants' SLAPP motions, and other conduct that was designed to – and did – drive up the cost of defense.  Faced with the price of his own conduct, however, Plaintiff now has the audacity to argue that it is the ANL Defendants that are being unreasonable by seeking a portion of their attorneys' fees for their work in this case after Plaintiff abandoned it two years after it was filed.  There is nothing unreasonable about the ANL Defendants' request for attorneys' fees under the SLAPP statute's mandatory fee provision, and the amount requested should be granted in its entirety, along with the fees and costs incurred in bringing this motion.[2]

<u>First</u>, Plaintiff repeatedly and disingenuously argues that the ANL Defendants only prevailed on four causes of action when, to the contrary, they prevailed on <u>virtually every claim</u> that he asserted.  Plaintiff also fails to mention that the state-court action he filed after voluntarily dismissing this case alleges <u>only three claims,</u> even though he previously alleging <u>18</u> different claims against the ANL Defendants

---

[1] Since its inception, Plaintiff has had seven separate law firms, and twelve different lawyers, representing him in this action.

[2] ANL Defendants' counsel attempted to engage Plaintiff's counsel in a discussion about resolving this matter informally, but Plaintiff refused to pay <u>any</u> of the defense fees and costs, necessitating the Fee Motion.  Having taken that unreasonable position, he cannot now complain about the cost of the Fee Motion being assessed against him, in its entirety.

REPLY ISO MOTION TO RECOVER ATTORNEYS' FEES
DWT 25166442v1 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

in this case (12 of which were state-law claims).  Plaintiff's attempt to distract from, mischaracterize, and minimize the ANL Defendants' overwhelming success in reducing Plaintiff's numerous claims and limiting the scope of the surviving claims cannot change the facts.

Second, as Plaintiff concedes, partially prevailing parties are entitled to recover fees not only for time spent on the stricken claims, but also on other claims that overlap or are inextricably intertwined with the claims on which the party prevailed.  Opp. at 2, 11.  There can be no serious dispute that the legal theories and facts related to Plaintiff's many claims are intertwined:  they all arise from Plaintiff's allegations that the ANL Defendants illegally obtained and published information about Plaintiff as part of a so-called "conspiracy" against him.  All of his claims involve the same or similar legal issues, including issues related to whether the claims are time barred, and whether the claims are barred by the First Amendment and California law, among other issues.  The ANL Defendants' success on their SLAPP motions (and corresponding favorable rulings) led to a significant reduction in the number and type of claims being asserted, which materially changed the nature and character of this action.

Third, the ANL Defendants' overall request is more than reasonable under the circumstances here.  It is Plaintiff's aggressive and abusive litigation conduct over a period of two years that required the ANL Defendants to incur substantial amounts in fees and costs.  Moreover, Plaintiff ignores the fact that the ANL Defendants did not request reimbursement for a number of tasks performed in connection with the SLAPP motion.  And contrary to Plaintiff's suggestion, attorneys' fees under the SLAPP statute are mandatory for prevailing parties.

Fourth, the ANL Defendants' fifty pages of billing records are more than adequate, faithfully recounting every task performed in defending the ANL Defendants against Plaintiff's frivolous claims.

For all these reasons, the Fee Motion should be granted in its entirety.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II.   THE ANL DEFENDANTS PREVAILED ON VIRTUALLY EVERY CLAIM ASSERTED AGAINST THEM.

Plaintiff repeatedly asserts that the ANL Defendants prevailed on only two claims asserted in Plaintiff's First Amended Complaint ("FAC"). See, e.g., Opp. at 1, 5, 8. In reality, however, the Court granted the ANL Defendants' first SLAPP motion as to eleven claims, and it substantially narrowed the only state-law claim that it did not strike in its entirety (false light). Dkt. # 160.[3] Specifically, the Court struck two entire claims with prejudice and nine claims without prejudice. Id. Of the nine claims struck without prejudice, Plaintiff subsequently abandoned five of them and this Court later declared the ANL Defendants were the prevailing party on two claims that he attempted to re-plead. Dkt. ## 167, 201. Furthermore, although the Court did not dismiss Plaintiff's declaratory relief claim in response to the first SLAPP motion, Plaintiff chose to abandon the claim in the 2AC (and did not re-allege the claim in his state-court action). Consequently, the ANL Defendants ultimately prevailed on four claims outright, and Plaintiff abandoned six additional claims that he asserted in the FAC, meaning that the ANL Defendants were successful on ten claims out of thirteen at issue in the first SLAPP motion.

Although Plaintiff inaccurately contends in a footnote that the abandoned claims are "still alive," Opp. at 8 n.1, it is well established that the prevailing party on a SLAPP motion is entitled to fees on claims that were asserted, then abandoned upon the filing of an amended complaint. See, e.g., Sylmar Air Conditioning v. Pueblo Contracting Services, Inc., 122 Cal. App. 4th 1049, 1056 (2004) (holding that a plaintiff cannot avoid liability for attorneys' fees under the SLAPP statute by

---

[3] Although the Court found that Plaintiff made a sufficient showing to overcome an early motion on his false light claim, the Court significantly narrowed the claim to a single statement from one article, published in February 2012. See SLAPP I Ruling at 39, n.90, 40-41 n.93, 45. The Court also denied the SLAPP Motion with respect to Plaintiff's cause of action for declaratory relief, concluding that it was derived at least in part from Plaintiff's federal claim, and thus not subject to the SLAPP statute. See SLAPP Ruling I at 17 n.37.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

amending a complaint and abandoning a particular claim); <u>Art of Living Found. v.</u> <u>Doe</u>, 2012 U.S. Dist. Lexis 61582, at *77 (N.D. Cal. May 1, 2012) ("Plaintiff's amendment of the Complaint to remove the defamation and trade libel claims is tantamount to a voluntary dismissal of those claims. … Accordingly, the Court concludes that Defendants are entitled to move for attorneys' fees under § 425.16(c)(1) with respect to the defamation and trade libel claims after judgment is entered.").

The ANL Defendants also substantially prevailed on their SLAPP motion directed to Plaintiff's Second Amended Complaint ("2AC").  The Court declared the ANL Defendants the prevailing party in connection with two claims alleged in the 2AC, and sanctioned Plaintiff and his prior counsel for improperly asserting four foreign-law claims.  Dkt. # 201.  Of the four state-law claims at issue in the second SLAPP motion, the ANL Defendants outright prevailed on two of them.  As for the remaining two claims (intrusion and Penal Code § 502), Plaintiff evaded a decision against him on the merits <u>only</u> because they refiled those claims in state court. Plaintiff makes no showing that suggests that  those claims would have survived the second SLAPP motion, nor will those claims survive a pending SLAPP motion in state court.

Overall, Plaintiff asserted eighteen total claims (and twelve state-law claims) against the ANL Defendants, only <u>three</u> of which have been reasserted in his state-court action.  This significant degree of success for the ANL Defendants goes well beyond Plaintiff's inaccurate description of the facts.

## III.   PLAINTIFF'S CLAIMS OVERLAPPED OR WERE INEXTRICABLY INTERTWINED.

Plaintiff attempts to argue that the ANL Defendants were required and failed to apportion its fees.  This assertion is both factually and legally inaccurate.  First, as described in Section IV, to the extent that the ANL Defendants <u>were</u> able to determine specific entries that corresponded to work done in connection with issues

on which the ANL Defendants did not prevail (or did not seek reimbursement for), that time has, in fact, been apportioned.  Second, the ANL Defendants are not obligated to apportion incurred time for the simple reason that, as a result of the overlapping factual and legal issues in this case, they are unable to do so.  Third, the ANL Defendants are entitled to the entirety of their fee request because of the significance of the results achieved in changing the nature and course of the litigation

Plaintiff concedes, as he must, that parties that prevail on some claims may be awarded attorneys' fees incurred on all claims – even those on which they did not prevail – where those claims overlap or are inextricably intertwined.  Opp. at 2, 11.  Instead, Plaintiff makes the incredible argument, that "the claims are not factually or legally intertwined."  Opp. at 11.  But in fact, all of Plaintiff's claims were based on the same set of facts.  As Plaintiff himself stated, all of his claims were "based on a conspiracy between the Daily Mail and the Solicitors Regulation Authority ('SRA') to invade Mireskandari's privacy, destroy his reputation and destroy his career."  Opp. at 1.  As part of this purported conspiracy, Plaintiff alleged that the information that the ANL Defendants obtained about him was not acquired "through normal newsgathering," but instead, was allegedly leaked by the SRA, manufactured by third parties, or obtained by hacking and eavesdropping.  Opp. at 4.  This entire litigation has been about how the ANL Defendants purportedly obtained information about Plaintiff and how they used that information in reporting about Plaintiff in the Daily Mail.  Indeed, in the SLAPP I Ruling, this Court found that all of the state claims fell within the purview of the SLAPP statute because those claims arose from a common core of facts arising from the exercise of the ANL Defendants' First Amendment rights.  SLAPP I Ruling, at 12, 13 and 16.  Plaintiff, himself, has acknowledged the common set of facts underpinning his claims when in each of his complaints, he repeatedly incorporates the entirety of his factual allegations in each of his claims.  See, e.g, FAC ¶¶ 140, 152, 158; 2AC ¶¶ 108, 124, 133 (Dkt #167).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

In addition to being factually intertwined, Plaintiff's claims are also legally intertwined.  In the first SLAPP motion (Dkt. # 42), for example, the ANL Defendants argued that:

- Nine of Plaintiff's claims (those based on the content of the ANL Defendants' articles) were all (1) barred by the one-year statute of limitations that applies to claims arising from the content of articles disseminated to the public; and (2) barred by the First Amendment and California law because the statements identified in the FAC were either absolutely privileged under California Civil Code § 47(d), substantially true, and/or consisted of subjective, hyperbolic statements that did not give rise to a content-based claim;

- Ten of Plaintiff's claims (those alleging the disclosure of private facts) did not contain any actionable "private" information because (1) the claims were time-barred; (2) the facts had been disclosed in earlier news reports; (3) the allegedly private information was newsworthy, and thus protected under the First Amendment and California law; and (4) the publication of the information was absolutely privileged under California Civil Code § 47(d).

- Two of Plaintiff's claims (his interference claims) (1) were premised on a damage to reputation and thus barred by the First Amendment and California law for the same reasons as Plaintiff's other publication-based claims; and (2) did not specify any specific business contacts or prospective relationships that were lost because of any actionable conduct by the ANL Defendants;

- Eleven of Plaintiff's claims (the newsgathering claims) (1) were barred by the statute of limitations because they purported to arise from activity that took place beyond the statute of limitations; and (2) did not go beyond routine journalistic activities; and

- Nine of Plaintiff's claims (related to alleged intrusion) were deficient because they did not demonstrate that any intrusion occurred, that the ANL

REPLY ISO MOTION TO RECOVER ATTORNEYS' FEES
DWT 25166442v1 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants' alleged conduct was highly offensive to a reasonable person, or that the ANL Defendants engaged in any wrongful conduct.

In this Court's ruling on the first SLAPP motion (Dkt. #160), it also acknowledged the overlapping legal issues of various claims, addressing the legal issues for numerous claims together. For example, it found that "Plaintiff's first, second, fourth, fifth, sixth, seventh, eighth, eleventh, and thirteenth causes of action are based on statements defendants published in the Daily Mail about plaintiff's academic and educational background," and thus fell within the purview of the SLAPP statute. SLAPP Ruling at 10-12. And that "Plaintiff's first through forth, sixth, and tenth through thirteenth causes of action are all based, at least in part, on defendants' alleged conduct in gathering information for the articles they published about plaintiff's academic and educational background," and thus also fell within the purview of the SLAPP statute. SLAPP I Ruling at 12-16.

This Court also analyzed various legal issues by looking at various groupings of Plaintiff's claims, including:

- Whether Plaintiff's first, fourth, fifth, sixth, seventh, eighth, tenth, thirteenth, and fourteenth causes of action (the content claims) were subject to a one-year statute of limitations. SLAPP I Ruling at 17-20.
- Whether Plaintiff's first, fourth, sixth, tenth, and thirteenth causes of action (based on publication of Plaintiff's educational information) were time-barred. SLAPP I Ruling at 20-21.
- Whether Plaintiff's seventh and eighth causes of action (interference claims) were time-barred. SLAPP I Ruling 21-24.
- Whether Plaintiff's first, second, third, sixth, seventh, eighth, tenth, eleventh, twelfth, thirteenth, and fourteenth causes of action (newsgathering claims) were time-barred. SLAPP I Ruling 25-32.

Lastly, Plaintiff himself analyzed various legal issues by looking at groups of claims together in his Opposition to the first SLAPP motion (Dkt. # 61), including:

REPLY ISO MOTION TO RECOVER ATTORNEYS' FEES
DWT 25166442v1 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- His unfair competition and breach of contract claims (analyzed together on Pg. 13 of his Opposition).
- His "privacy claims" (described as Causes of Action 3-6 on Pg. 13 of his Opposition).
- His "tortious interference claims" (described as Causes of Action 7 and 8 on Pg. 14 of his Opposition).

Contrary to what Plaintiff now asserts, this was <u>not</u> a case in which each claim stood on its own, or where each claim was argued by the parties or analyzed by the Court separately from each of the other claims.

Plaintiff cites two cases in support of his argument that his claims were not intertwined (Opp. at 11), but both of these cases address whether a prevailing SLAPP defendant may recover attorneys' fees for a motion to dismiss <u>federal</u> claims, and neither address the situation here, where a party prevailed on some claims that were subject to the SLAPP statute and not others.  For example, in <u>Kearney v. Foley and Lardner</u>, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008), the court held that the defendant <u>was</u> entitled to recover attorneys' fees incurred on its motion to dismiss federal claims to the extent the motion to dismiss and SLAPP motion shared common issues of fact and law and no apportionment was warranted.  Plaintiff simply ignores that aspect of the ruling, instead citing a quotation out of context for the uncontroversial point that factual similarities alone – without any overlap or intertwining of legal theories – do not entitle a prevailing party to recover fees on all claims.  Likewise, in <u>Pistoresi v. Madera Irrigation District</u>, 2009 U.S. Dist. Lexis 12710 (E.D. Cal. Feb. 6, 2009), the court considered whether the prevailing party was entitled to attorneys' fees for their work on a motion to dismiss federal claims, and did not address when claims that are subject to the SLAPP statute overlap or intertwine for purposes of recovering fees.

Furthermore, in addition to the overlapping issues in this case, the ANL Defendants are entitled to the requested attorneys' fees due to "the significance of the

REPLY ISO MOTION TO RECOVER ATTORNEYS' FEES
DWT 25166442v1 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

overall relief obtained by the prevailing party." <u>Mann v. Quality Old Time Service,</u>
<u>Inc.</u>, 139 Cal. App. 4th 328, 344 (2006).  The <u>Mann</u> court identified various factors
that courts should consider in determining a partially prevailing defendant's relative
success, including:

> … the extent to which the defendant's litigation posture was advanced by the
> motion, whether the same factual allegations remain to be litigated, whether
> discovery and motion practice have been narrowed, and the extent to which
> future litigation expenses and strategy were impacted by the motion.  The fees
> awarded to a defendant who was only partially successful on an anti-SLAPP
> motion should be commensurate with the extent to which the motion changed
> the nature and character of the lawsuit in a practical way.  The court should
> also consider any other applicable relevant factors, such as the experience and
> abilities of the attorney and the novelty and difficulty of the issues, to adjust
> the lodestar amount as appropriate.

<u>Id.</u> at 345 (awarding 50% of claimed fees because defendants had "limited success"
and prevailed on only one of four claims challenged in SLAPP motion).

Here, Plaintiff asserted twelve state-law claims during the course of this
federal court lawsuit against the ANL Defendants; only three of them are still
pending in the state-court action.  The nine other claims either were dismissed with
prejudice by the Court or abandoned by Plaintiff.  Moreover, of the three claims that
still remain pending, two of them have survived solely because they were reasserted
in the state-court action after Plaintiff voluntarily dismissed his federal suit before the
second SLAPP motion was decided, not because of any determination on the merits.
And even the single state-law claim that this Court did not find unmeritorious (false
light) was narrowed substantially; it originally was based on numerous statements in
forty-six articles, FAC ¶¶ 174-190, to a <u>single statement</u> from <u>one</u> article.  <u>See</u>
SLAPP I Ruling at 39, n.90, 40-41 n.93, 45.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Given these facts, it can hardly be disputed that the ANL Defendants succeeded in significantly narrowing the case, ultimately causing Plaintiff to decide to dismiss his federal case entirely, and proceed with a significantly truncated case in state court. The success obtained by the two SLAPP motions certainly advances the ANL Defendants' litigation posture, narrows discovery and motion practice, and significantly impacts future litigation expenses. Because the SLAPP motions "changed the nature and character of the lawsuit in a practical way," Mann, 139 Cal. App. 4th at 345, the ANL Defendants are entitled to attorneys' fees commensurate with their success.[4]

If there is any doubt whether Plaintiff's claims overlap or are inextricably intertwined, the SLAPP statute's fee-shifting provision must "be interpreted broadly to favor an award of attorney fees to a partially successful defendant." Scott v. Kelkris Assocs., 2012 U.S. Dist. Lexis 44255, at *8 (E.D. Cal. Mar. 29, 2012) (quoting Lin v. City of Pleasanton, 176 Cal. App. 4th 408, 425-26 (2009)); New.net, Inc. v. Lavasoft, 356 F. Supp. 2d 1090, 1115 (C.D. Cal. 2004) (the fee-shifting provision must be "broadly construed").

Plaintiff's simplistic (and self-serving) allocation proposal[5] (determining the "cost" per claim) ignores the fact that Plaintiff's state-law claims involved overlapping factual and legal issues, that the ANL Defendants already have eliminated from its fee request fees related directly to denied claims and that the ANL Defendants achieved significant overall success in this action resulting in a substantially scaled back state court action. Furthermore, "the Supreme Court has

---

[4] In Mann, the court awarded the defendants half of all fees in the litigation despite the fact that they prevailed on only one out of four claims and otherwise had "limited success." Id. at 345. Here, in contrast, the ANL Defendants prevailed in limiting the case to three total claims out of eighteen different claims asserted against them in this litigation, and ultimately convinced Plaintiff to abandon his federal claims – and federal court – entirely.

[5] The "proposal" also fails in that Plaintiff applies it to only four claims when as discussed above, the ANL Defendants unquestionably prevailed on ten out of thirteen claims.

REPLY ISO MOTION TO RECOVER ATTORNEYS' FEES
DWT 25166442v1 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

clearly rejected a 'mathematical approach comparing the total number of issues in the case with those actually prevailed upon,' reasoning that 'such a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors.'" Rutti v. Lojack Corp., 2012 U.S. Dist. Lexis 107677, at *20 (C.D. Cal. July 31, 2012) (quoting Hensley v. Eckerhart, 461 U.S. 424, 435 n.11 (1983)) (brackets omitted).

Given the strong public policy in favor of discouraging litigation arising in connection with the exercise of free speech rights, the ANL Defendants should be awarded all of their requested fees.

## IV.   THE ANL DEFENDANTS' OVERALL REQUEST IS REASONABLE.

Plaintiff does not dispute that the ANL Defendants' attorneys' hourly rates are reasonable, but instead argues that the overall number of hours incurred is unreasonable.  But Plaintiff's complaint about the amount of time spent should be rejected, given that his own behavior – and that of his rotating counsel – was a substantial cause of the high defense costs.

As a preliminary matter, Plaintiff's repeated argument that the ANL Defendants' request for attorneys' fees should be denied because they disagree with the amount requested is untenable.  This argument is contrary to the clear language of the SLAPP statute, which provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorneys' fees and costs."  Cal. Code Civ. Proc. § 425.16(c) (emphasis added).  Federal and state courts repeatedly have confirmed that attorneys' fees are mandatory to a prevailing defendant.  See, e.g., Ketchum v. Moses, 24 Cal. 4th 1122, 1131-32 (2001) ("[a]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees"); Verizon Delaware v. Covad Comm'ns, 377 F.3d 1081, 1091 (9th Cir. 2004) ("defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail").  Fees are mandatory

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

even where a plaintiff voluntarily dismisses his lawsuit.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1111 (9th Cir. 2003).[6]

Plaintiff's claim that the amount of hours spent are unreasonable because this "was not a complicated case" also is inconsistent with the facts.  Plaintiff's original complaint was more than 900 pages, including exhibits (Dkt. #1).  His FAC weighed in at more than 1,100 pages, including exhibits, and which contained 273 paragraphs of allegations and asserted 14 different causes of action (Dkt. #15).  His third attempt was a 171-paragraph 2AC asserting 10 causes of action (Dkt. # 167).  Plaintiff also filed seven ex parte applications (a number of which directly related to the SLAPP motions),[7] all of which were denied,[8] and unsuccessfully sought discovery multiple times throughout the case.[9]  This Court's ruling on the ANL Defendants' first SLAPP motion was 61 pages, and contained 118 footnotes.  Dkt. # 160.  There are over two hundred docket entries in this case – all in the early motion stage of the lawsuit.  This clearly was not a simple and straightforward case, at least not as presented by Plaintiff and his seven law firms.

Instead, this lawsuit showcased Plaintiff's abusive litigation strategy, which has required the ANL Defendants to incur more and more attorneys' fees in response.

---

[6] While Plaintiff cites Christian Research Inst. v. Alnor, 165 Cal. App. 4th 1315, 1319 (2008), to support his incorrect argument that courts have the discretion to deny fees to parties that prevail on a SLAPP motion (Opp. at 7), that case quotes a case that itself quotes Serrano v. Unruh, 32 Cal. 3d 621, 635 (1982), which is a case analyzing attorneys' fees under Section 1021.5 of the California Code of Civil Procedure, not under the SLAPP statute.  As shown above, under the express terms of the SLAPP statute (as confirmed by numerous cases in state and federal court), and pursuant to the public policy underlying the SLAPP statute, attorneys' fees are mandatory for prevailing parties.

[7] See Dkt. ## 45 (ex parte request to take discovery and continue SLAPP hearing); 52 (ex parte request to file reply in support of prior ex parte); 86 (ex parte request to file additional pleading regarding SLAPP Motion); 118 (ex parte request to recuse magistrate judge); 138 (ex parte application for relief from scheduling order); 155 (ex parte request for "clarification of discovery status"); 193 (ex parte application for order "correcting" docket entry).

[8] See Dkt. ## 54, 88, 121, 143, 159.

[9] See, e.g., Dkt. ## 45, 106, 159.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Despite having litigated this case for <u>two years</u>, filing three complaints and numerous <u>ex parte</u> applications, fully litigating one SLAPP motion and several other motions, and forcing the ANL Defendants to prepare a second SLAPP motion, Plaintiff voluntarily dismissed the case and filed a new action in state court, in a transparent attempt to avoid final dismissal by this Court.

A party "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the [opposing party] in response." <u>Peak-Las Positas Partners v. Bollag</u>, 172 Cal. App. 4th 101, 1149 (2009) (quoting <u>International Longshoremen's & Warehousemen's Union v. Los Angeles Export Terminal, Inc.</u>, 69 Cal. App. 4th 287, 304 (1999)); <u>Serrano v. Unruh</u>, 32 Cal. 3d 621, 634 n. 18 (1982) (opposing party's litigation tactics help determine reasonableness of prevailing party's hours). As the Ninth Circuit has pointed out, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." <u>Moreno v. City of Sacramento</u>, 534 F.3d 1106, 1112 (9th Cir. 2008). Here, the attorneys' fees incurred by the ANL Defendants are a direct result of Plaintiff's litigation "strategy" and abuse.

Moreover, Plaintiff's assertion that the ANL Defendants have requested "every penny" of fees incurred in this action is flatly untrue. To the contrary, as noted in the Motion, the ANL Defendants did not request fees for any of the significant work done apart from the SLAPP motions (even though there is authority that would justify them doing so). <u>See</u> Mot. at n.4. Even with respect to the SLAPP motions, they did not request fees for time spent exclusively on the claims for which they were not ultimately declared the prevailing party, <u>i.e.</u>, false light, intrusion, and California Penal Code § 502, nor any fees for time spent exclusively on the four claims in the 2AC that were purportedly brought under UK law. Dkt. # 167. In reality, the ANL Defendants seek only a small portion of the substantial overall attorneys' fees they incurred in this matter. For this reason, Plaintiff's suggestion to divide the total

REPLY ISO MOTION TO RECOVER ATTORNEYS' FEES
DWT 25166442v1 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

requested fees by the number of claims that the ANL Defendants prevailed upon would be grossly unfair: the ANL Defendants <u>already</u> eliminated time spent exclusively on those claims (and other tasks as described below). A party entitled to fees should not be penalized for making a reasonable request from the outset.

The ANL Defendants also did not seek reimbursement for certain tasks relating to the SLAPP motions (even though they are entitled to recovery), including their objections to evidence submitted by Plaintiff in opposition to SLAPP Motion I (Dkt. # 76), the response to Plaintiff's supplemental brief in opposition to SLAPP Motion I (Dkt. # 77), the opposition to Plaintiff's <u>ex parte</u> application to file response to evidentiary objections (Dkt. # 87), and the ANL Defendants' successful <u>ex parte</u> application for an order regarding the deadline for their motion to recover attorneys' fees (Dkt. ## 185, 186). The ANL Defendants also did not seek an award for time incurred by ANL's in-house counsel, even though such time is recoverable. <u>See</u>, <u>e.g.</u>, <u>PLCM Group, Inc. v. Drexler</u>, 22 Cal. 4th 1084, 1094 (2000). Plaintiff simply ignores all of these undisputed facts, which demonstrate the reasonableness of the amount sought in the Motion.

Instead, Plaintiff simply nit-picks certain categories of time for which he claims "excessive" amounts were spent. For example, Plaintiff points to research conducted about the timing of a motion for attorneys' fees following the Court's first SLAPP ruling. Opp. 12. But the filing deadline for a fees motion is an open question that is unique to federal court – in state court, claims <u>cannot</u> be stricken under SLAPP without prejudice; such rulings are automatically and necessarily with prejudice. <u>See</u>, <u>e.g.</u>, <u>Simmons v. Allstate Ins. Co.</u>, 92 Cal. App. 4th 1068, 1073-74 (2001). Federal Rule of Civil Procedure 54(d) requires motions for attorneys' fees to be filed within 14 days, but it was uncertain which of the claims dismissed without prejudice Plaintiff would attempt to re-plead in an amended complaint, and which he would abandon. It was thus unclear whether the ANL Defendants were obligated to seek fees on the claims struck by the Court with prejudice, then seek additional fees

on the second SLAPP motion, or whether they could wait until a final ruling on all claims to seek attorneys' fees.  The time spent on this procedural issue was entirely reasonable.

Plaintiff also questions the entries for hours spent writing a motion for attorneys' fees that he claims was never filed.  Opp. at 12.  But the motion <u>was</u> filed; it is <u>this motion</u>.  The ANL Defendants started preparing this motion following the Court's ruling on the first SLAPP motion, while attorneys for both parties were negotiating a proposed stipulation on the timing of a fees motion, which they ultimately agreed upon and filed.  Dkt. # 161.  The work done during that period was used to complete the fee motion that was filed, and is currently pending, before this Court.  The total amount of time spent preparing the fee motion and compiling invoices to submit in support of the motion are attributable to lengthy period of time this case had progressed, and Plaintiff's aggressive and abusive litigation tactics during that period.[10]

Lastly, Plaintiff asserts, without any supporting authority, that the ANL Defendants are not entitled to fees for time spent on specific arguments that the Court did not accept, even if they prevailed on a different argument relating to the same claim.  Opp. at 9.  In fact, the opposite is true.  <u>See</u>, <u>e.g.</u>, <u>Metabolife Int'l v. Wornick</u>, 213 F. Supp. 2d 1220, 1223 (S.D. Cal. 2002) ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters.") (quoting <u>Hensley</u>, 461 U.S. at 435).  <u>See also</u> <u>Hensley</u>, 461 U.S. at 435 (explaining that where a party has obtained excellent results, "the fee award should not be reduced simply because the [prevailing party] failed to prevail on every contention raised in the lawsuit"); <u>Akins v. Enterprise Rent-A-Car Co.</u>, 79 Cal. App.

---

[10] Notably, Plaintiff argues that the ANL Defendants' fifty pages of billing records were not specific enough, yet also complains that they spent <u>too much time</u> compiling those records to support their fee request.

REPLY ISO MOTION TO RECOVER ATTORNEYS' FEES
DWT 25166442v1 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4th 1127, 1133 (2000) ("litigation may involve a series of attacks on an opponent's case.  The final ground of resolution may become clear only after a series of unsuccessful attacks.  Compensation is ordinarily warranted even for those unsuccessful attacks, to the extent that those attacks led to a successful claim.")

The ANL Defendants were forced to respond to Plaintiff's numerous claims and aggressive litigation tactics for two years before he decided to start from scratch in state court with only three of his original claims.  All of the time spent in connection with the two SLAPP motions were reasonably spent, and should be awarded to the ANL Defendants.[11]

## V.   THE ANL DEFENDANTS' BILLING RECORDS ARE SUFFICIENT.

In support of their motion for attorneys' fees, the ANL Defendants submitted fifty pages of invoices containing every entry for which they sought fees.  The entries describe with precision what the ANL Defendants' attorneys worked on throughout the litigation; in fact, in his Opposition brief, Plaintiff points to specific amounts of time spent on particular tasks (e.g., 39.1 hours on a motion for attorneys' fees and 45.3 hours compiling evidence).  Opp. at 12.  That would not be possible if the billing records only contained "vague" entries, as he claims.  Opp. at 10.

In supporting the amount of requested fees, the ANL Defendants' "counsel, of course, is not required to record in great detail how each minute of [their] time was expended.  But at least counsel should identify the general subject matter of his time expenditures."  Rutti, 2012 U.S. Dist. Lexis 107677, at *24 (quoting Hensley, 461 U.S. at 437 n.12).  In Sanchez v. Bank of Am., 2010 U.S. Dist. Lexis 81787, at *14 (N.D. Cal. July 22, 2010), the court found billing records describing tasks such as "Draft Motion for More Definite Statement" and "Draft Proposed Orders" to be "detailed, and helpful in determining both the reasonable number of hours worked and the reasonable rate."  And in Willis v. City of Fresno, 2014 U.S. Dist. Lexis

---

[11] Indeed, as demonstrated in the Fee Motion, other courts have awarded attorneys' fees in greater amounts than requested here.  See Mot. at 17.

REPLY ISO MOTION TO RECOVER ATTORNEYS' FEES
DWT 25166442v1 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

97564, at *57-58 (E.D. Cal. July 17, 2014), the court had "no concerns" about even block-billed entries that were "extremely specific and discrete," such as "[r]evise and finalize trial briefs; review and analysis of defendants' trial brief; draft and revise response to defendants' trial brief; draft and revise arguments in response to defendants' trial brief." See also Lytle v. Carl, 382 F.3d 978, 989 (9th Cir. 2004) (finding that while time descriptions were "minimal, they establish that the time was spent on the matters for which the district court awarded attorneys' fees"). The ANL Defendants' time entries are detailed entries setting the work that was performed, and certainly at minimum, establish that the requested time was spent on SLAPP-related tasks.

Plaintiff also argues that the ANL Defendants' attorneys' fees should be reduced because more than one attorney worked on certain tasks or that attorneys reviewed and revised work product prepared by a different attorney on the case team. But "[c]ommon sense dictates that a single task can be broken down over several discrete time periods and that a number of people might contribute to one end product." Chabner v. United Omaha Life Ins. Co., 1999 U.S. Dist. Lexis 16552, at *12 (N.D. Cal. Oct. 12, 1999). See also Nat'l Fed. of the Blind v. Target Corp., 2009 U.S. Dist. Lexis 67139, at *13 (N.D. Cal. Aug. 3, 2009) ("it is often more efficient for lawyers with complementary skill sets to cooperate in performing a task. The use of two attorneys for such a task [preparation of an expert witness] is hardly extravagant"). As another judge in this district explained, "the Court declines to reduce the hours simply because Class Counsel kept each other informed about the case and double-checked each other's work; indeed, many motions this Court denies would have benefitted from a second read and more strategizing by the attorneys involved." Charlebois v. Angels Baseball LP, 993 F. Supp. 2d 1109, 1125 (C.D. Cal. 2012).[12]

---

[12] Notably, Plaintiff found it necessary to employ seven entirely different firms, and twelve different lawyers, during the course of proceedings in this Court.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff also fails to identify any specific entries that he claims are unreasonable or inadequate.  See, e.g., NRDC v. Locke, 771 F. Supp. 2d 1203, 1214 (N.D. Cal. 2011) ("[a] party complaining about attorney fees has a burden of stating their complaint with particularity") (quoting Glover v. Johnson, 138 F.3d 229, 252 (6th Cir. 1998)) (emphasis added) (internal brackets omitted).  See also Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) ("[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.").  Instead, he points to a few supposed "examples" of entries he finds objectionable, and otherwise relies on generalized objections about the ANL Defendants' billing records.  But where a party makes such objections, "the court may ordinarily focus on items that can be identified 'through a cursory examination of the bill.'"  Id.  Plaintiff has failed to satisfy his burden of identifying the specific entries that he believes are unreasonable.

Neither of the cases cited by Plaintiff in support of his objections assist him. See Opp. at 10-11 (citing Kearney, 553 F. Supp. 1178 and Winters v. Jordan, 2011 WL 1549391 (E.D. Cal. Apr. 21, 2011).)  In Kearney, the defendants prevailed on a SLAPP motion and a motion to dismiss, and sought fees incurred in connection with both motions under the SLAPP statute.  The court agreed that the defendants were entitled to fees for the work on the motion to dismiss which overlapped with the SLAPP motion (but not all work done on the motion to dismiss).  Id. at 1184.  The court found, however, that the defendants did not provide any evidence that their fees were the prevailing rates in the area, and that it could not determine which entries pertained to the motion to dismiss and which to the SLAPP motion.  Id. at 1186.  In contrast, the ANL Defendants have requested fees only for time spent in connection with their SLAPP motions, and the time entries make clear that their work was, in

By comparison, the ANL Defendants' use of several lawyers at one firm appears to be extremely conservative.

REPLY ISO MOTION TO RECOVER ATTORNEYS' FEES
DWT 25166442v1 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

fact, connected to those motions.  They also have provided evidence of rates and the reasonableness of those rates in this community.[13]

Winters also involved a defendant that filed both a SLAPP motion and motion to dismiss.  There, the court found that the billing records appeared to "seek fees for work that was not performed in connection with the filing of the anti-SLAPP portion of her pleading motion."  Id. at *5 (emphasis added).  As in Kearney, the court could not determine "whether all of the time billed in a particular entry truly pertains to only the anti-SLAPP portion of Ford's motions to dismiss and specially strike."  Id. But as in Kearney, the court provided the defendant with the opportunity to file a supplemental brief and declarations substantiating the requested fees.  Id. at *8.

Plaintiff has pointed to only a few "examples" of entries it believes are vague, but even those entries clearly relate to work done in connection with the SLAPP motions.  The ANL Defendants are not obligated to record in "great detail" how every minute of their time is spent, but instead only must demonstrate to the Court that the fees they request were incurred in connection with the SLAPP motions.  The ANL Defendants have done that, and should be awarded the full amount of their requested fees.

## VI.  CONCLUSION

The ANL Defendants substantially prevailed on two SLAPP motions filed over the course of this two-year-long litigation.  The time spent on these motions is adequately documented and reasonable.  Accordingly, the ANL Defendants

---

[13] Furthermore, even in Kearney, the court merely denied the request for attorneys' fees without prejudice, and invited defendants to file a renewed motion with the requested information.  Id. at 1187.

REPLY ISO MOTION TO RECOVER ATTORNEYS' FEES
DWT 25166442v1 0049264-000012

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

respectfully request that they be awarded the full amount of their requested fees – $173,148.80 – pursuant to California Code of Civil Procedure § 425.16(c).[14]


DATED: October 27, 2014                    DAVIS WRIGHT TREMAINE LLP

                                           By:  /s/ Mary H. Haas
                                                    Mary H. Haas

                                           Attorneys for Defendants
                                           ASSOCIATED NEWSPAPERS LTD and
                                           DAVID GARDNER

---

[14] The ANL Defendants previously estimated that their attorneys spent the following number of hours preparing the Motion for Attorneys' Fees:  Mary Haas (2.5 hours), Dan Laidman (6 hours), Nicolas Jampol (15 hours), and paralegal Warren Keville (15 hours).  Jampol Decl. ¶ 12.  Invoices have now been generated for August 2014, and each of these individuals spent at least the number of hours previously estimated; the ANL Defendants do not seek reimbursement for the time spent beyond the estimated amounts (which were included in the original fee request).  Supp. Jampol Decl. ¶¶ 2-3.  The ANL Defendants' attorneys also estimate that they spent the following number of hours preparing this Reply:  Kelli Sager (1.8 hours), Mary Haas (4 hours), and Nicolas Jampol (15 hours).  Supp. Jampol Decl. ¶ 4.  The ANL Defendants also estimate that Ms. Haas will spend three hours preparing for and attending the hearing on this motion, if one is held.  As a result, the ANL Defendants seek an additional $19,617.60 for a total request of $173,148.80 in attorneys' fees.

REPLY ISO MOTION TO RECOVER ATTORNEYS' FEES
DWT 25166442v1 0049264-000012